UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| MAWUSI FIAGBENU, | ) | No. CV 05-04274-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

Plaintiff first contends the ALJ committed error by not

considering the testimony of his mother.  Plaintiff cites various aspects of her testimony which include her statements that Plaintiff has headaches all the time which have been excruciating to the point where he couldn't cope; comments about his grades in school; and testimony concerning his relative lack of physical activity.

While the ALJ's decision does not specifically discuss the testimony of Plaintiff's mother, this is not in and of itself a sufficient ground to find error in the decision.  For reasons which the Court will discuss, any error committed by the ALJ in failing to specifically address the testimony of Plaintiff's mother will be deemed harmless.  See Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991).

The statements offered by Plaintiff's mother at the hearing were identical in substance to those she made to various medical sources, which were exhaustively considered by the ALJ.  For example, a psychological assessor, Dr. Krakoff, reported that Plaintiff took Tylenol for frequent headaches, and had missed school because of shunt surgery.  This was noted by the ALJ. (AR 13, 84.)  Dr. Krakoff concluded, following her examination, that Plaintiff did not meet the definition of a child with a developmental disability. (AR 87.)

The ALJ also discussed the report of medical evaluator Dr. Elmendorf. (AR 13, 92.)  Dr. Elmendorf reported the headaches, which were also the subject of Plaintiff's mother's testimony.

As the ALJ noted, Plaintiff's mother reported to Dr. Valenzuela during an examination on May 7, 2003 that following shunt surgery, Plaintiff "has been clinically stable except for occasional headache relieved by Tylenol..." (AR 112.)  The ALJ also considered Dr. Valenzuela's notation that Plaintiff had repeated the first grade. (AR

112.)

Also considered by the ALJ was a report from a clinical psychologist, Dr. Goldman. (AR 14, 129-132.)  Dr. Goldman reported certain functional impairments, but she did conclude that Plaintiff had an ability to socially integrate with peers and adults in an age-appropriate manner in only a mildly impaired fashion due to limits in his cognitive functioning. (AR 132.)

The ALJ also took note of Dr. Goldman's findings that Plaintiff could care for himself, walked unassisted with a normal gait and good balance, and was able to move his arms and use utensils. (AR 117, 113, 130.)

The ALJ performed the required assessment pursuant to the mandate of statutes and applicable regulations concerning childhood disability.   In performing this assessment, the ALJ properly considered all of the evidence of record.  The highlighted testimony of Plaintiff's mother does not and would not substantiate any more extreme limitation or other marked limitation establishing disability. For that reason, any error inherent in the ALJ's failure to specifically discuss the testimony of Plaintiff's mother is harmless, and does not detract from the ALJ's decision.

Plaintiff's second issue concerns his contention that the ALJ failed to make proper credibility findings, in particular concerning Plaintiff's testimony as to his subjective complaints.   Plaintiff cites portions of his testimony in which he stated that he gets incomplete grades on his tests and homework; that he still gets headaches, but that Tylenol does not help; and that he has to stay home from school due to headaches.

Contrary to Plaintiff's contentions, it is readily apparent that

the ALJ did consider this testimony.  Specific testimonial issues of which Plaintiff complains were addressed by the ALJ, and acknowledged in the decision. (See AR at 13-14, 18.)  Plaintiff fails to substantiate any reason why his testimony would establish a more marked limitation concerning his ability to acquire and use information during the relevant time period than the ALJ in fact determined from her consideration of the evidence.  The Court finds no error with regard to the issue of credibility assessment.

For the foregoing reasons, Judgment will be entered in favor of Defendant, and the matter will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED:  March 29, 2006

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE

4